UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERICK ORLANDO PEREZ PEREZ, | Case No. C20-945RSL |
| Defendant-Petitioner, | |
| v. | ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE |
| UNITED STATES OF AMERICA, | |
| Plaintiff-Respondent. | |

In this motion under 28 U.S.C. § 2255, petitioner Erick Orlando Perez Perez moves to vacate, set aside, or correct his sentence under 18 U.S.C. § 922(g). Dkt. # 1.[1] The Court has considered the parties' memoranda, the exhibits, and the remainder of the record.[2] For the following reasons, the petition is denied.

## I.     BACKGROUND

On August 9, 2017, petitioner entered a guilty plea to the following charges:

Count 1: *Possession of Methamphetamine with Intent to Distribute*, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

---

[1] Hereinafter, citations referring to the civil case docket will be noted as "Dkt. xx" and citations to the criminal case (CR17-143) will be noted as "CR Dkt. xx."

[2] The Court finds compelling reasons justify sealing the petitioner's Pre-Sentence Report (PSR) prepared for the underlying criminal conviction in CR17-143 (Dkt. # 9). The government's motion to seal (Dkt. # 8) is accordingly GRANTED.

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 1

Count 2: *Alien in Possession of a Firearm*, in violation of Title 18, United States Code, Section 922(g)(5)(A).

CR Dkt. # 25 at 1–2. The Court imposed 132 months of imprisonment on Count 1 and 120 months of imprisonment on Count 2. CR Dkt. # 44 at 2. As part of petitioner's plea agreement, he agreed to waive any right to bring a collateral attack, except as to effectiveness of legal representation, against any of the convictions in his plea agreement. CR Dkt. # 25 at 12. Petitioner did not appeal his conviction or sentence. See generally CR Dkt.

Petitioner's PSR notes that, at the time of his arrest, petitioner was detained by immigration authorities at the Northwest Detention Center. PSR ¶ 9. The PSR also reflects that in 2009, petitioner was convicted of conspiracy to possess with intent to distribute marijuana, for which he was sentenced to 30 months of imprisonment. PSR ¶ 25. This conviction represents an aggravated felony that rendered petitioner inadmissible. See 8 U.S.C. § 1101(a)(43) (defining "aggravated felony"); 8 U.S.C. § 1182(a)(9) (providing that aliens convicted of aggravated felonies are inadmissible). Petitioner was deported in 2010 and convicted of illegal entry on August 4, 2011. PSR ¶ 26.

On June 19, 2020, petitioner filed a 28 U.S.C. § 2255 motion to vacate his conviction for Alien in Possession of a Firearm under 18 U.S.C. § 922(g) in light of the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). Dkt. # 1. Petitioner argues that because the Court failed to advise him of the element requiring knowledge of his prohibited status under § 922(g) pursuant to Rehaif, that his plea was not knowingly and intelligently made, and thus violated the Due Process Clause under the Constitution and Federal Rule of Criminal Procedure 11(b)(G). Dkt. # 1 at 3.

## II.   DISCUSSION

**A.   Timeliness**

The government concedes that petitioner's motion is timely. Dkt. # 7 at 4. Under 28 U.S.C. § 2255, a claim is timely if it is brought within one year of the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

1  by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C.

2  § 2255(f)(3). On June 21, 2019, the Supreme Court issued its decision in Rehaif, holding that an

3  alien-in-possession conviction under 18 U.S.C. § 922(g) requires proof the defendant knew of

4  his prohibited status as an alien illegally present in the United States. 139 S. Ct. at 2194.[3] The

5  government agrees that Rehaif applies retroactively to cases on collateral review. Dkt. # 7 at 4–5

6  (citing Welch v. United States, 136 S. Ct. 1257, 1264–66 (2016)). Because petitioner's § 2255

7  motion was filed within one year of the Rehaif decision, his Rehaif-based claim is timely. 28

8  U.S.C. § 2255(f)(3).[4]

9  **B.    Concurrent-Sentence Doctrine**

10        The concurrent-sentence doctrine provides courts with discretion not to reach the merits

11  of a claim attacking fewer than all multiple concurrent sentences if success on the claim would

12  not have any collateral consequences or change the term of imprisonment. See Benton v.

13  Maryland, 395 U.S. 784, 791 (1969). The government argues that the doctrine applies here

14  because even if the Court were to vacate petitioner's alien-in-possession conviction, he will

15  remain subject to a 132-month narcotics conviction. Dkt. # 7 at 2.

16        The Court declines to apply the concurrent-sentence doctrine in this case. The Ninth

17  Circuit has rejected the use of the concurrent-sentence doctrine as a means of avoiding review

18  of criminal convictions on direct appeal. United States v. De Bright, 730 F.2d 1255, 1259 (9th Cir.

19  1984) (en banc); see also Cruickshank v. United States, 505 F. Supp. 3d 1127, 1131 (W.D.

20  Wash. 2020)). In De Bright, the Ninth Circuit reasoned it "[could not] conclude in good

21  conscience that [it] possess[ed] the ability to predict with sufficient certainty all the adverse

22  collateral legal consequences of unreviewed convictions" and thus the collateral-sentence

23  _____

24        [3] The Supreme Court's Rehaif decision also applies to felon-in-possession convictions under 18
U.S.C. § 922(g). See Miranda v. United States, No. C20-963 2021 WL 5162008 (W.D. Wash. Nov. 5,

25  2021) (denying a habeas petition to vacate a felon-in-possession conviction and evaluating arguments
similar to those contained in the instant petition).

26        [4] The government also concedes that petitioner is being held in custody, Dkt. # 7 at 3, and that

27  this is not a successive § 2255 motion. Dkt. # 7 at 5.

28  ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 3

doctrine is "unfair to defendants and inappropriate in our criminal justice system." 730 F.2d at 1259. In Cruickshank, this District extended the Ninth Circuit's reasoning in De Bright to the § 2255 context and declined to apply the concurrent-sentence doctrine. 505 F. Supp. 3d at 1131. Likewise, this Court is persuaded that the Ninth Circuit's reasoning in De Bright applies in the § 2255 context and declines to dismiss petitioner's motion under the concurrent-sentence doctrine. See id.

**C.   Collateral Attack Waiver**

The government's argument that petitioner waived his right to collaterally attack his conviction is unpersuasive because he is challenging the validity of his guilty plea, including the waiver on which the government relies. See United States v. Portillo-Cano, 192 F.3d 1246, 1249–50 (9th Cir. 1999) (reasoning that a waiver of appeal may be found invalid when the defendant challenges compliance with Rule 11 procedure); Irvis v. United States, No. C20-954TSZ, 2021 WL 606359, *1 (W.D. Wash. Jan. 11, 2021) (concluding that the government's collateral attack waiver argument was unpersuasive and relying upon Portillo-Cano); Dkt. # 7 at 3, 7–8; Dkt. # 10 at 2–3.

**D.   Procedural Default**

A defendant who fails to raise a claim on direct appeal is generally barred from raising the claim on collateral review in federal habeas cases. Sanchez-Llamas v. Oregon, 548 U.S. 331, 350–51 (2006). Petitioner's claim is procedurally defaulted because he did not attack the voluntariness and intelligence of the plea on direct review. See Bousley v. United States, 523 U.S. 614, 622 (1998); Irvis, 2021 WL 606359, at *2. To overcome procedural default, petitioner must "show both (1) 'cause' excusing his . . . procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982).

The Court assumes without deciding that petitioner can establish cause to excuse procedural default but concludes that he cannot demonstrate actual prejudice. See Irvis, 2021 WL 606359, at *2. To demonstrate actual prejudice to overcome procedural default, petitioner

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 4

would need to show "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis in original) (citing Frady, 456 U.S. at 170); see also Cruickshank v. United States, 505 F. Supp. 3d 1127, 1133 (W.D. Wash. 2020) (applying Murray in the context of a plea agreement). When evaluating whether a petitioner sustained prejudice, the Court "may consult the whole record when considering the effect of any error on substantial rights." United States v. Vonn, 535 U.S. 55, 59 (2002). To demonstrate actual prejudice, petitioner must show at minimum that the Rehaif error would have been reversible plain error if it had been raised on direct appeal. See Irvis, 2020 WL 606359, at *2; Cruickshank, 505 F. Supp. 3d at 1133. Plain error requires showing (1) there was an error, (2) the error is clear or obvious, (3) the error affected [the defendant's] substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. United States v. Benamor, 937 F.3d 1182, 1188 (9th Cir. 2019) (citing United States v. Olano, 507 U.S. 725, 734 (1993)). As petitioner's case is a collateral attack, the standard is "significantly higher" than plain error—the petitioner must show "cause and actual prejudice." Frady, 456 U.S. at 167. Therefore, if petitioner's claim would not constitute reversible plain error, he necessarily cannot show actual prejudice.

In United States v. Benamor, the Ninth Circuit reviewed a Rehaif error at trial on direct appeal from a felon-in-possession conviction, where the defendant had previously been convicted of felon-in-possession charges for which he served prison sentences of more than one year. 937 F.3d at 1189. The Ninth Circuit held that the prior felon-in-possession convictions proved beyond a reasonable doubt that the defendant had knowledge of prohibited status as required by Rehaif and that any error in not instructing the jury to make such a finding did not affect the defendant's substantial rights or the fairness, integrity, or public reputation of the trial. Id. The Ninth Circuit relied upon Benamor in United States v. Singh, which reviewed a Rehaif error at trial on direct appeal from an alien-in-possession conviction. 979 F.3d 697, 729 (9th Cir. 2020) (citing Benamor), cert. denied sub nom. Matsura v. United States, 141 S. Ct. 2671 (May

24, 2021). Where the defendant did not contest any of the testimony regarding his status of being admitted to the United States under a nonimmigrant visa, the Ninth Circuit held that the defendant could not show that the Rehaif error affected his substantial rights or undermined the fairness, integrity, or public reputation of the judicial proceedings. Id. at 707, 728–29; see also United States v. Gear, 9 F. 4th 1040, 1047 (9th Cir. 2021) (holding that the defendant could not demonstrate that the Rehaif error affected his substantial rights where the record indicated that he knew he had a nonimmigrant visa).

Similarly, the Ninth Circuit has held in three unpublished dispositions reviewing guilty pleas with Rehaif errors that, considering record evidence of knowledge of prohibited status, the petitioners failed to show a reasonable probability that they would have continued to plead not guilty without the alleged error and/or failed to show the effect on the fairness, integrity, or public reputation of the proceedings. United States v. Johnson, 833 F. App'x 665, 667–68 (9th Cir. 2020) (assuming that defendant's substantial rights were affected but concluding that he failed to show an adverse effect on the fairness, integrity, or public reputation of proceedings); United States v. Espinoza, 816 F. App'x 82, 84 (9th Cir. 2020), cert. denied, 141 S. Ct. 2818 (2021) (holding that defendant failed to establish that the error affected his substantial rights because he did not show a reasonable probability that, but for the error, he would not have entered the plea); United States v. Valencia-Barragan, 819 F. App'x 508, 511 (9th Cir. 2020) (holding that the record did not show a reasonable probability that the defendant would not have pleaded guilty, but for the error, where the record reflected defendant's knowledge of the relevant conviction through participation in treatment program). Although these dispositions are unpublished, their consistency is persuasive. And while the three dispositions cited above involve felon-in-possession convictions, the analysis regarding evidence of a defendant's knowledge of prohibited status logically applies irrespective of whether the status at issue is that of a felon or an alien. Moreover, at least one district court in the Ninth Circuit has reviewed a guilty plea with a Rehaif error in an alien-in-possession conviction specifically, and it arrived at a result consistent with the felon-in-possession cases referenced above. See United States v.

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 6

1  Vazquez-Flores, No. 2:15-cr-00239-GMN-VCF-1, 2020 WL 7687835, at *1–3 (D. Nev. Dec.
2  23, 2020) (holding that petitioner failed to show actual prejudice where he did not contest his
3  prohibited status and admitted his status during his arrest).

4      The omission of the knowledge-of-status element in petitioner's plea agreement satisfies
5  the first two prongs of plain error analysis—under Rehaif, the omission was an error and the
6  error is plain. See e.g., Benamor, 937 F.3d at 1188; Gear, 9 F. 4th at 1047. Petitioner cannot
7  show, however, that the error seriously affected his substantial rights or the fairness, integrity, or
8  public reputation of judicial proceedings if his conviction were affirmed.

9      Petitioner's prior prosecution for illegal entry in 2011 after having been deported in 2010,
10 constitutes compelling evidence that he knew he was present in the United States illegally in
11 2017, when he possessed the firearm. See PSR ¶ 9, 26. Petitioner cannot credibly argue he was
12 unaware of his status. See Cruickshank, 505 F. Supp. 3d at 1134 (holding that a habeas
13 petitioner could not demonstrate actual prejudice when he had previously received prison
14 sentences of 14 and 84 months and therefore "could not plausibly assert that a jury would find
15 that he was unaware of his status as a person previously convicted of an offense punishable by
16 more than a year in prison"). "If a person is a felon, he ordinarily knows he is a felon. 'Felony
17 status is simply not the kind of thing that one forgets.'" Greer v. United States, 141 S. Ct. 2090,
18 2097 (2021) (citing United States v. Gary, 963 F.3d 420, 423 (4th Cir. 2020) (Wilkinson, J.,
19 concurring in denial of reh'g en banc)). In a similar vein, if a person has been deported and
20 prosecuted for illegal entry, it strains credulity to think that the person would forget his status as
21 someone present in the United States illegally. Moreover, in the plea agreement's statement of
22 facts, petitioner admitted to having been previously removed from the United States "on at least
23 three separate occasions." CR Dkt. # 25 at 6. Petitioner has not disputed his status, nor has he
24 argued that he would have presented evidence that he did not know he was in the United States
25 illegally.[5] See generally Dkt. # 10. Ultimately, petitioner could not have reasonably believed at

26
27      [5] Petitioner argues that the PSR may show that petitioner "was aware at the time of his
   presentence interview of his prohibited status," but not necessarily "at the time of his possession of the
28 ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 7

the time he pleaded guilty that the government would have been unable to prove he knew of his prohibited status. Petitioner fails to show how the error affected his substantial rights or the fairness, integrity, or public reputation of judicial proceedings when the record includes overwhelming evidence that petitioner had knowledge of his prohibited status.

Because petitioner has not met the plain error test, he necessarily cannot meet the "significantly higher" actual prejudice standard under Frady, 456 U.S. at 167. The Court is persuaded that even if petitioner's plea was tainted by the failure to advise him of the knowledge-of-status element, any error was not sufficiently prejudicial to excuse his procedural default.[6] Accordingly, the petition must be DENIED.

**E.  Certificate of Appealability**

The Court declines to issue a certificate of appealability. A defendant may not appeal a decision denying a motion under 28 U.S.C. under § 2255 without obtaining a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). To obtain a certificate of appealability, the defendant must show "that jurists of reason would find it debatable whether the petition states a valid claim

firearm." Dkt. # 10 at 5. The Court finds this argument unavailing. The PSR refers to events that *predated* petitioner's possession of the firearm, including his 2011 conviction for illegal entry.

[6] Because petitioner has not overcome his procedural default, the Court declines to rule on the merits of petitioner's motion. Nevertheless, the Court observes that petitioner's argument on the merits regarding structural error is ill-fated in light of recent Supreme Court precedent. As this Court has previously recognized, see Miranda, 2021 WL 5162008, the Supreme Court held in Greer that unpreserved Rehaif claims are subject to plain-error review on direct appeal under Federal Rule of Criminal Procedure 52(b). Greer, 141 S. Ct. at 2099–100. In so holding, the Supreme Court rejected the same argument that petitioner makes here, that Rehaif errors that occur in a plea proceeding are "structural" and require automatic vacatur. Dkt. # 10 at 6–7; see Greer, 141 S. Ct. at 2100 (holding that "a Rehaif error in a plea colloquy is . . . not structural."). The Supreme Court reasoned that structural errors are errors that affect the entire conduct of the proceeding from beginning to end, and therefore a Rehaif error in a plea colloquy is not structural. Greer, 141 S. Ct. at 2100. Discrete defects in the criminal process, such as the omission of the *mens rea* element in petitioner's plea colloquy, are not structural because they do not "*necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." Id. (citing Neder v. United States, 527 U.S. 1, 9 (1999)). "Rehaif errors fit comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" Id. (quoting Arizona v. Fulminante, 499 U.S. 279, 306 (1991)).

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 8

of the denial of a constitutional right." <u>Slack</u>, 529 U.S. at 484. If a defendant's claim is found to be procedurally defective, he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." <u>Id.</u> Here, a plain procedural bar exists and no appeal is warranted. Petitioner is therefore DENIED a certificate of appealability.

### III.   CONCLUSION

For the foregoing reasons, the Court ORDERS:

(1) Petitioner's motion under 28 U.S.C. § 2255 to vacate, correct, or set aside his
    sentence (Dkt. # 1) is DENIED;

(2) Petitioner is DENIED a certificate of appealability under 28 U.S.C. § 2253; and

(3) The government's motion to seal (Dkt. # 8) is GRANTED.

DATED this 22nd day of November, 2021.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 9